UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| CORA BOWLIN | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 09-02-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Cora Bowlin filed an application for Supplement Security Income (SSI) on August 11, 2006, alleging a disability beginning March 15, 2004. Her claim was denied initially and upon reconsideration. Thereafter, a hearing was scheduled before an Administrative Law Judge (ALJ) who concluded that Bowlin was not under a disability. This decision was affirmed by the Appeals Council.

Bowlin has now filed a motion for summary judgment alleging that the ALJ improperly applied legal standards in reaching his decision, and that the ALJ's conclusion is not supported by substantial evidence. [Record Nos. 9 and 10] A cross-motion for summary judgment has also been filed by Defendant Michael J. Astrue, Commissioner of Social Security, in which he argues that no error was committed during the administrative process and that the ALJ's decision is supported by substantial evidence. [Record No. 11] However, because the ALJ failed to comply with the requirements outlined in 20 C.F.R. § 416.927(d)(2) by not providing "good reasons"

for the weight given to the treating source's opinions, the ALJ's decision will be reversed, and this matter will be remanded for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## I.     Background

Bowlin alleges a disability due to seizures, arthritis, headaches, urinary incontinence, depression, anxiety, bipolar condition, personality disorder, and pain, weakness, and numbness in her back and legs.  After reviewing the medical evidence in the record and the testimony presented during the administrative hearing, the ALJ found Bowlin suffered from the following severe impairments: "disorders of the back, history of hernia, a history of seizure disorder, anxiety disorder, and a history of substance abuse."  [Tr., p. 18]  However, the ALJ also found that Bowlin does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments.  [*Id.*]  *See*  20 C.F.R. Part 404 Appendix 1 (Listing of Impairments); 20 C.F.R. § 416.925 (explanation of Listing of Impairments); 20 C.F.R. § 416.926 (explanation of "medical equivalence" of listed impairments).

After considering the relevant medical evidence, the ALJ concluded that Bowlin retained the residual functional capacity (RFC) to perform work at the light exertional level with some additional limitations.  [Tr., pp. 20–23]  *See* 20 C.F.R. §416.945 (explanation of RFC); 20 C.F.R. § 416.967(b) (defining "light work").  Specifically, the ALJ stated that:

> [a]fter careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except that the claimant can occasionally climb ramps and stairs; can occasionally stoop; and can have no exposure to vibrating and hazardous machinery.  The claimant requires jobs that are simple, low stress, non reading jobs with one and two step instructions.  The claimant has no useful

-2-

ability to deal with the public, and is severely limited but not precluded in the
ability to deal with supervisors and coworkers.  The claimant has a limited but
satisfactory ability to maintain attention and concentration; and marked limitation
in the ability to respond to supervision, coworkers, and day to day work pressures.

[Tr., p. 20]

The ALJ presented the vocational expert with a hypothetical question involving a person

having the above-described limitations to determine if Bowlin was capable of performing other

jobs based on her RFC.  [Tr., pp. 49–50]  The vocational expert testified that there are a

sufficient number of jobs for someone with those limitations at the regional and national levels

including motel maid, kitchen worker, office cleaner, or hand packer.  [Tr., p. 50]  Based on his

assessment of the medical evidence, along with the testimony from Bowlin and the vocational

expert, the ALJ concluded that Bowlin has not been under a disability since the date the

application was filed.  Thus, she was not entitled to receive SSI.  [Tr., pp. 24–25]

## II.    Standard of Review

Judicial review of the denial of a claim for social security benefits is limited to

determining  whether the proper legal standards were applied and whether the ALJ's findings

are supported by substantial evidence.  42 U.S.C. § 405(g); *Rogers v. Comm'r of Soc. Sec.*, 486

F.3d 234, 241 (6th Cir. 2007).  If a court concludes that the ALJ improperly applied, or failed

to apply, a legal standard, then the court need not address the substantial evidence question.

*Preslar v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *Branham v.*

*Gardner*, 383 F.2d 614, 626–27 (6th Cir. 1967) (noting that the "facts must be evaluated by the

administrator in the light of correct legal standards to entitle the administrative finding to the

insulation of the substantial evidence test," and that "when the fact finder has failed to employ

the proper legal standard in making its determination the finding may not stand")) (citations omitted).

### III.     Discussion

Bowlin raises several issues with the ALJ's decision, including whether the ALJ provided the required "good reasons" explaining the weight given to Dr. Bernard Moses' opinions. Because the ALJ failed to comply with this regulation, the other issues raised in Bowlin's motion for summary judgment need not be addressed. *See Preslar*, 14 F.3d at 1110; *Branham*, 383 F.2d at 626–27.

### A.     The Treating Source's Opinions Concerning Bowlin's Physical Limitations

A physician qualifies as a "treating source" if the claimant sees him or her "with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for [the] medical condition." *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007) (quoting 20 C.F.R. § 416.902). Between October 9, 2006, and October 18, 2007, Bowlin was treated by Dr. Bernard Moses on fourteen occasions for a variety of health issues. [Tr., pp. 378–92] The photocopies of Dr. Moses' handwritten notes are very difficult to read, but Bowlin claims that these notes reflect treatment for anxiety, chronic lower back pain, weakness, fatigue, arthritis pain, allergies, hepatitis C, degenerative disc disease, pain and weakness in the legs, double vision, seizures, and decreased range of motion in the neck and back. [Record No. 10, p. 10]  Based on the frequency of treatment provided by Dr. Moses, he qualifies as a treating source for Bowlin.

On December 20, 2007, Dr. Moses filled-out a *Residual Functional Capacity Questionnaire* in which he expressed his opinions concerning Bowlin's physical limitations. In the questionnaire, he indicated that he had diagnosed Bowlin with degenerative disc disease of the lumbar spine and that her prognosis was "fair." He noted Bowlin experiences chronic lower back pain that goes into her legs, has reduced range of motion in the lumbar portion of her spine, and has a positive straight leg test at thirty degrees for both the right and left leg. In addition, Dr. Moses indicated emotional factors contribute to the severity of Bowlin's symptoms, in that her pain frequently interferes with her attention and concentration needed to perform simple work tasks. [Tr., pp. 422–23]

Dr. Moses also provided the following functionality assessments of the Claimant: (1) she can walk two city blocks without rest or severe pain; (2) she can sit for one hour at a time before needing to get up; (3) she can stand for one hour at a time before needing to sit down or move around; (4) she can sit and stand/walk for a total of about two hours during an eight-hour work day, and needs a job that would allow her to shift positions at will between these positions; (5) she requires periodic breaks of about five minutes every hour to walk around during an eight-hour work day; (6) she will sometime need to take unscheduled breaks of approximately five to ten minutes in length about every two hours; (7) she can lift or carry less than 10 lbs. frequently, 10 lbs. occasionally, 20 lbs. rarely, and can never lift or carry 50 lbs.;[1] (8) she can never twist, stoop, crouch/squat, or climb ladders, and can only rarely climb stairs; and (9) her impairments

---

[1]  According to the instructions on the *Residual Functional Capacity Questionnaire*, "frequently" means 34%–66% of an 8-hour working day, "occasionally" means 6%–33% of an 8-hour working day, and "rarely" means 1%-5% of an 8-hour working day.

are likely to produce good and bad days and it can be expected that she would miss more than four work days per month because of her impairments.  [Tr., pp. 423–25]

### B.  The Regulations Concerning Treating Source Opinions

Generally, the opinions of a treating source are given more weight than opinions of a non-treating source.  This is because a treating source is likely to be in the best position to provide "a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultive examinations or brief hospitalizations."  20 C.F.R. § 416.927(d)(2).  A treating source's opinion is entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence" in the claimant's record.  *Id.*

However, a treating source's opinions should not be completely rejected even if they are not entitled to controlling weight.  *See Martin v. Comm'r of Soc. Sec.*, 170 F. App'x 369, 372 (6th Cir. Mar. 1, 2006) (unpublished) (citing Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *4 (1996)).  Rather, the ALJ must determine what weight to give the opinion by considering the following factors: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the supportability of the opinion; (4) the consistency of the opinion with regard to the record as a whole; (5) whether the treating source is a specialist in the area of his or her opinion; and (6) any other factors which tend to support or contradict the opinion.  20 C.F.R. § 416.927(d)(2)–(6).

In addition, the regulations impose a clear and explicit elaboration requirement stating that the ALJ "will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion." 20 C.F.R. § 416.927(d)(2). *See also Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 400 (6th Cir. 2008). As Social Security Ruling (SSR) 96-2p explains:

> [T]he notice of the determination or decision must contain *specific reasons* for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5 (emphasis added). *See also Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). The dual purpose for this good reasons requirement is intended to: (1) help claimants understand the disposition of their case; and (2) "ensure that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Wilson*, 378 F.3d at 544–45 (citations omitted).

### C.    The ALJ Failed to Comply with the Good Reasons Requirement.

Despite Dr. Moses being a treating source, the ALJ devoted only two sentences to discussing his opinions of Bowlin's physical limitations. The ALJ noted:

> A report dated December 20, 2007 reports that the claimant is limited due to pain and would be absent from work more than four days per month. While I have given that form appropriate consideration, I have not given it significant weight because the limitations identified are out of proportion with the remaining objective medical evidence contained in the record and there is nothing in the treatment record that would support such limitations.

[Tr., p. 23]

-7-

The ALJ's two-sentence explanation for the weight given to Dr. Moses' opinions is insufficient to fulfill the good reasons requirement.  While the ALJ provided two general reasons for the lack of weight given to Dr. Moses' opinions (*i.e.,* lack of supportability and inconsistency with other medical evidence) he never addressed (1) the specific opinions that he found questionable and/or unacceptable, (2) why Dr. Moses' opinions are not supportable, or (3) how they are inconsistent with other medical evidence.  With respect to this issue, SSR 96-2p explicitly states the good reasons given by the ALJ must be "specific reasons . . . supported by evidence in the case record."  Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5.  Here, the Court is unable to conclude that the ALJ complied with this requirement.

In addition, while the report states "appropriate consideration" was given to Dr. Moses' opinions concerning Bowlin's limitations, only two of the factors listed in subsection (d) are mentioned as a basis for the weight given to these opinions.  The other factors are not discussed in the report.  Thus, it is not apparent whether the ALJ actually took all of the subsection (d) factors into account, or if he only considered supportability and consistency with other medical opinions when deciding what weight to accord Dr. Moses' opinions.

Finally, the brief explanation given by the ALJ does not adequately fulfill either of the purposes for the good reasons requirement.  Requiring the ALJ to provide good reasons for the weight given to a treating source's opinion is intended to assist the reviewing court in determining whether the legal standards have been correctly applied.  *See Wilson*, 378 F.3d at 544–45.  The ALJ is required to provide good reasons not merely to show that he rejected a treating source's opinion, but rather to demonstrate that he had sufficient reasons for doing so.

*See Hall v. Comm'r of Soc. Sec.*, 2005 U.S. App. LEXIS 19451, *461-*462 (6th Cir. Sept. 2, 2005) (unpublished).  In addition, it is unlikely that the ALJ's cursory treatment of Dr. Moses' opinions will be of much use to Bowlin in understanding why her SSI application was denied.

Because the ALJ failed to provide specific reasons supported by evidence in the record explaining to explain the weight given to Dr. Moses' opinions, the ALJ has failed to comply with the good reasons requirement in 20 C.F.R. § 416.927(d)(2).

### D.    ALJ Decision Must Be Remanded For Further Proceedings.

For an agency's violation of its own procedural rules to constitute reversible error, there must be a showing that "the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses." *Connor v. United States Civil Sev. Comm'n*, 721 F.2d 1054, 1056 (6th Cir. 1983).  In *Wilson*, the Sixth Circuit explained that the good reasons requirement is an important procedural safeguard for claimants, and an ALJ's failure to give these good reasons constitutes a deprivation of substantial rights.  *Wilson*, 378 F.3d at 547. Thus, failure to abide by the good reasons requirement constitutes reversible error and will result in the matter being remanded back to the ALJ.  *See Id.* at 545 (citing *e.g., Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000), *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999), *see also Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004) ("We do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion and we will continue remanding when we encounter opinions from ALJ's that do not comprehensively set forth the reasons for the weight assigned to a treating physician's opinion.")).

-9-

The *Wilson* Court did leave open the possibility that a *de minimis* violation of the good reasons requirement may constitute harmless error, such as where "a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it." *Id.* at 547. While Dr. Moses' opinions concerning Bowlin's limitations are more restrictive than those opined by other sources, his opinions are not so out of line as to be "patently deficient."[2] Thus, failure to abide by the good reasons requirement in the regulation is not harmless error in this case.

Finally, although substantial evidence *may* otherwise support the ALJ's decision, this issue need not be addressed because the ALJ failed to comply with the regulations. *See Preslar*, 14 F.3d at 1110; *Branham*, 383 F.2d at 626–27. However, even if the Court were to find that substantial evidence supported the ALJ's ultimate conclusion, this finding would not render the ALJ's procedural error harmless. As the Sixth Circuit explained in *Wilson*.

> A court cannot excuse the denial of a mandatory procedural protection simply because, as the Commissioner urges, there is sufficient evidence in the record for the ALJ to discount the treating source's opinion and, thus, a different outcome on remand is unlikely. A procedural error is not made harmless simply because [the aggrieved party] appears to have had little chance of success on the merits anyway. To hold otherwise, and to recognize substantial evidence as a defense to non-compliance with [20 C.F.R.§ 416.927(d)(2)], would afford the Commissioner the ability [to] violate the regulation with impunity and render the protections promised therein illusory.

*Id.* at 546.

---

[2]     *Compare McKeehan v. Astrue*, No. 03-137, 2009 U.S. Dist. LEXIS 55333, *12–13 (E.D. Ky. Jun. 17, 2009) (finding the treating source's opinion patently deficient where he opined that the claimant was limited to no siting, standing, or walking, but where the claimant's own testimony clearly showed that she was not bedridden).

## IV.    Conclusion

The ALJ failed to comply with 20 C.F.R. § 416.927(d)(2) by not providing good reasons explaining the weight given to Dr. Moses' opinions. This does not constitute a harmless error. Therefore, it is hereby

**ORDERED** as follows:

(1)    Plaintiff Cora Bowlin's motion for summary judgment [Record No. 9] is **GRANTED**, to the extent that she seeks to have this matter remanded for further proceedings before an Administrative Law Judge;

(2)    Defendant Commissioner Michael J. Astrue's motion for summary judgment [Record No. 11] is **DENIED**;

(3)    The ALJ's decision to deny Plaintiff Cora Bowlin's application for Supplemental Security Income is **REVERSED**; and

(4)    This matter is **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g), consistent with this Memorandum Opinion and Order.

This 5th day of August, 2009.



Signed By:
Danny C. Reeves
United States District Judge